CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 2 2008

JOHN F. CORCORAN, CLERK
BY: /s/ Jacque
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHAMSIDDIN MUHAMMAD-ABDULLAH, | ) ) | |
| Plaintiff, | ) | Civil Action No. 7:08-cv-00327 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| ALBEMARLE CHARLOTTESVILLE REGIONAL JAIL, KEEFE, | ) ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, plaintiff alleges that the Albemarle Charlottesville Regional Jail ("the jail") hikes prices on canteen items by 200 percent, then forces inmates to purchase these items by underfeeding them with poor quality food. Plaintiff sues the jail and "Keefe," seeking an award of compensatory damages for these alleged deprivations and injunctive relief to "put an end to these practices." Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As a preliminary matter, plaintiff cannot maintain his action against the jail, since local jails are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Thus, all claims against the jail must be dismissed, pursuant to § 1915A.

Second, plaintiff's requests for injunctive relief regarding the canteen prices at the jail are moot. Plaintiff indicates that he has been transferred from the jail, where the alleged cause of action arose, to Coffeewood Correctional Center, where he is no longer personally affected by the conditions at the jail. Thus, any claim for injunctive relief must be dismissed in this case as moot. See Magee v. Waters, 810 F.2d 451 (4th Cir. 1987). Plaintiff's claim for monetary damages, however, would survive his transfer. See Mawhinney v. Henderson, 542 F.2d 1 (2d Cir. 1976).

However, plaintiff's allegations fail to state any constitutionally significant claim actionable under § 1983. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that plaintiff's continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, see Helling v. McKinney, 509 U.S. 25, 31 (1993).

As stated, since plaintiff is no longer housed at the jail, he cannot show that he will suffer any future physical harm because of the commissary prices or the alleged lack of food there. He also fails to allege facts indicating that he suffered any physical harm whatsoever from being underfed

2

while he was at the jail. Therefore, the court must dismiss any Eighth Amendment claim based on the alleged inadequacy of the food service for inmates.

No doubt plaintiff would argue that he did not suffer any physical harm from lack of food only because he and his family paid the high prices for canteen items to supplement his jail meals. This set of circumstances, however, does not state any constitutional claim. There is no federal constitutional requirement that jails must provide inmates with a canteen at which to purchase food items at any price. See Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir.1996) ("we note that we know of no constitutional right of access to a prison gift or snack shop"). Once a jail voluntarily decides to set up a canteen for inmates, there is no constitutional mandate that the jail must offer its canteen items to be purchased at or near cost. French v. Butterworth, 614 F.2d 23, 25 (1st Cir.1980); Trujillo v. Young, No. 7:02CV01083, 2003 WL 23312781 at *3 (W.D.Va. Jun.5, 2003) (prisoner has no protected right to purchase commissary items at low prices); Hopkins v. Keefe Commissary Network Sales, No. 07-745, 2007 WL 2080480 at *5 (W.D. Pa. Jul.12, 2007) (no right to restrain commissary from charging even exorbitant prices); Pepper v. Carroll, 423 F. Supp.2d 442, 449 (D. Del.2006) (prisoner has no constitutionally protected right to purchase commissary items as cheaply as possible); Rodriguez v. Swanson Serv. Corp., No. 01-117-P-C, 2001 WL 506871 at * 1 (D.Me. May 11, 2001) (commissary pricing does not implicate constitutional concerns). Accordingly, the court finds that plaintiff's complaint fails to allege facts stating any constitutional claims cognizable under § 1983. The court will, therefore, dismiss the entire action, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of

the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of May, 2008.

/s/ James C. Turk
Senior United States District Judge

4